## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW
Suite 100
Washington, DC 20036

  *Plaintiff*,

v.                                                    **CIVIL ACTION NO. 22-CV-827**

ENVIRONMENTAL PROTECTION
AGENCY
1200 Pennsylvania Avenue NW, Washington,
DC 20004

  *Defendant*.

### COMPLAINT

1.      Beveridge & Diamond P.C., ("Plaintiff") brings this action for injunctive and other appropriate relief for the processing and release of agency records requested by Plaintiff under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended. Plaintiff seeks to compel the United States Environmental Protection Agency ("EPA" or "Defendant") to disclose documents in its custody or possession, including those in the custody or possession of the Office of the Inspector General ("OIG"), the Office of Air and Radiation ("OAR"), and EPA Region 6 ("Region 6") as previously requested pursuant to FOIA. Specifically, Plaintiff submitted two requests seeking documents related to ethylene oxide ("EO"). EO has been a focus for the EPA for several years and has been the subject of several controversial risk evaluations, an OIG report, dozens of public meetings, and Information Collection Requests. Yet, EPA has produced only 280 records in response to two requests and taken nearly ten months to do even that. EPA has failed to

promptly produce responsive records and improperly withheld records from production in violation of FOIA.

## JURISDICTION AND VENUE

2.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

3.      This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

4.      This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff has their principal place of business, or in the District of Columbia).

5.      This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## THE PARTIES

6.      Plaintiff is a law firm and private corporation.

7.      Defendant EPA is an agency of the United States under 5 U.S.C. § 552(f)(1) charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

8.      On June 25, 2021, Plaintiff submitted its first FOIA request to EPA, Request 2021-005139, through the FOIA online portal seeking information related to EO. Ex. 1. Specifically, Plaintiff requested:

> Any and all documents (including but not limited to memoranda, correspondence, communications, emails, texts, notes of conversations or meetings, or similar documents) to, from, among, between, or prepared by EPA, OAR, OIG or Region 6 which relate to:

    a.      the factors or criteria used to identify the "25 high priority sites" that are the subject of the OIG Report No. 20-N-0128, "Management Alert: Prompt Action Needed to Inform Residents Living Near Ethylene Oxide-Emitting Facilities About Health Concerns and Actions to Address Those Concerns" dated March 31, 2020 ("hereinafter the "OIG Report");

    b.      the source data used to generate or develop the list of "25 high priority sites" mentioned in the OIG Report;

    c.      any evaluations or summaries prepared analyzing the priority status or changes to the priority status of any ethylene oxide-emitting facilities; and

    d.      additional priority lists or plans for future analyses of ethylene oxide-emitting sites for potential notification.

9.      On July 1, 2021, Request 2021-005139 was assigned for processing and its tracking number changed to R6-2021-05139 to reflect information requested of EPA Region 6.

10.      On July 8, 2021, EPA Region 6 acknowledged assignment of Plaintiff's first FOIA request and requested an extension until August 31, 2021, citing the voluminous amount of records. In acknowledging receipt of the request, EPA Region 6 did not provide any further indication of the scope or type of records it would produce or any exemption it would claim. Plaintiff responded granting the extension request but requesting that responsive documents be produced on a rolling basis as they become available.

11.      On July 30, 2021 – Plaintiff submitted a second FOIA request to EPA, Request 2021-005758, through the FOIA online portal seeking information related to EO risk assessment results. *See* Ex. 2. Specifically, Plaintiff requested:

Any and all documents (including but not limited to memoranda, correspondence, communications, emails, texts, notes of conversations or meetings, or similar documents) to, from, among, between, or prepared by EPA, OAR, OIG or Region 6 which relate to:

    a.      the memorandum titled "Results of the Risk Assessment of Ethylene Oxide-Emitting Facilities in Texas and Louisiana" issued on July 8, 2021 (the "Risk Assessment")[1]

---

[1] https://www.epa.gov/system/files/documents/2021-07/region-6-risk-assessment-of-ethylene-oxide-emitting-facilities-in-texas-and-louisian-jul-8-2021.pdf

3

   b.  communications which have occurred, are scheduled to occur or otherwise
       anticipated in response to the April 2021 Office of the Inspector General Report
       regarding risk communication surrounding ethylene oxide-emitting facilities; and
   c.  additional priorities, actions, or plans for future analyses or risk assessments of
       ethylene oxide-emitting sites.

12.     On August 2, 2021, Plaintiff's second FOIA request, Request 2021-005758, was

also assigned to Region 6 and its tracking number changed to R6-2021-05758. In acknowledging

receipt of the request, EPA Region 6 did not provide any indication of the scope of records it would

produce or any exemption it would claim.

13.     On August 30, 2021, a day before its first extension was due to expire, and having

failed to produce any documents on a rolling basis as requested when granting the extension, EPA

Region 6 requested additional time to respond to Plaintiff's first request R6-2021-05139 "with a

*final* due date of November 1, 2021". Region 6 also requested approval of additional fees and an

extension to respond Plaintiff's second FOIA request, R6-2021-05758, "with a *final* due date of

November 1, 2021".

14.     On September 2, 2021, Plaintiff called the Region 6 FOIA Office to inquire about

its requested extension and additional fees. Plaintiff also inquired about the status of the request

as it related to Defendant's Headquarters ("HQ"). Region 6 responded that production would

capture responsive HQ materials.

15.     On September 13, 2021, Plaintiff called Region 6 FOIA Office a second time to

discuss the delay in receiving requested documents and reiterate the request for rolling

production—upon which the extension was contingent—as not a single document had been

provided at that time. EPA responded that gathering responsive emails was the source of the delay

and proposed that if the request were narrowed to exclude email, it would be produced more

quickly. Plaintiff declined and proposed that EPA produce non-email related records when available.

16.     On September 27, 2021, EPA produced its first interim response to Plaintiff's first FOIA request R6-2021-05139 with seventy-two (72) records.

17.     On October 18, 2021, EPA produced one (1) additional record in response to R6-2021-05139.

18.     On the same date, EPA inadvertently issued a final response letter and a bill for collection of fees in the amount of $448.75 for records produced in response to Plaintiff's first FOIA request R6-2021-05139.

19.     On October 25, 2021, EPA made its first interim production in response to Plaintiff's second FOIA request, seventy-nine (79) records in response to R6-2021-05758.

20.      On October 26, 2021, EPA requested an extension to respond to Plaintiff's second FOIA request R6-2021-05758 until January 3, 2022. Plaintiff agreed to the extension and again contingent upon EPA producing records on a rolling basis as they became available.

21.     After a telephone conversation with Plaintiff, on October 29, 2021, EPA agreed to withdraw the final response letter and bill for collection related to FOIA request R6-2021-05139, noting that EPA had not yet produced records from HQ. EPA requested an extension until January 31, 2022, in order to review and produce those records.

22.     On January 4, 2022, EPA requested an extension to respond to Plaintiff's second FOIA request R6-2021-05758 until the end of February. Plaintiff agreed to extend the deadline until February 28, 2022, again with the understanding that EPA would produce records on a rolling basis as they became available.

23.     On January 26, 2022, EPA produced one (1) additional record in response to Plaintiff's first FOIA request R6-2021-05139.

24.     On February 2, 2022, EPA produced twenty-nine (29) additional records in response to Plaintiff's second FOIA request R6-2021-05758.

25.     On February 23, 2022, after conversations with EPA, Plaintiff agreed to extend the deadlines for FOIA request R6-2021-05139 and FOIA request R6-2021-05758 until March 31, 2022 on the understanding that EPA would produce available records on a weekly basis and would continue to work to complete both requests as soon as possible.

26.     On February 25, 2022, EPA produced forty-nine (49) additional records in response to Plaintiff's first FOIA request R6-2021-05139.

27.     On March 21, 2022, Plaintiff contacted EPA requesting information on the status of both FOIA request R6-2021-05139 and FOIA request R6-2021-05758. EPA had not produced any records in the preceding three weeks in response to either request, as agreed to by the parties on February 23, 2022. Plaintiff highlighted the nearly ten months of delay where EPA failed to make promised interim productions and informed EPA that the Agency's failure to produce available records voided the most recent extensions.

28.     On March 23, 2022, EPA, in an apparent rush to cure its noncompliance, issued a final determination letter (the "Final Determination") in response to FOIA request R6-2021-05139, granting in part, denying in part Plaintiff's request.

29.     Also on March 23, 2022, EPA produced 20 additional records in response to Plaintiff's FOIA request R6-2021-05139. EPA's Final Determination states that "[t]his letter concludes [EPA's] response to your request."

30.     Upon information and belief, significant numbers of records responsive to FOIA request R6-2021-05139 have still not been produced and have otherwise been unlawfully withheld. In multiple communications, EPA emphasized the volume of responsive documents as a reason for the requests for extensions.

31.     EPA has not issued a final determination letter in response to FOIA request R6-2021-05758.

32.     Despite extension after extension, representations of "final" due dates, and now a "Final Determination," Plaintiff has not received all responsive documents related to the FOIA requests in the timeframe required. Plaintiff's first request was submitted over ten (10) months ago and the second over nine (9) months ago. Plaintiff's efforts and EPA's failure to promptly produce records responsive to these requests constitutes exhaustion of administrative remedies.

33.     EPA's refusal to provide all of the records requested through Plaintiff's FOIA requests in a reasonable amount of time and improper withholding of records is a violation of FOIA. EPA's actions run contrary to the basic purpose of the statute, "to ensure an informed citizenry" *NLRB v. Robbins Tire & Rubber Co*., 437 U.S. 214, 242 (1978) and stand in stark contrast to the FOIA guidelines issued by the Attorney General last week strongly urging a "presumption of openness" and recommending that "in cases of doubt, openness should prevail."[2]

## CAUSES OF ACTION

## Count I: Violation of 5 U.S.C. § 552 – Request R6-2021-05139

34.     Plaintiff incorporates the allegations in paragraphs 8-33 as though fully set forth herein.

---

[2] *See* "Freedom of Information Act Guidelines" issued March 15, 2022 *available at* https://www.justice.gov/ag/page/file/1483516/download

35.     Defendant has wrongfully withheld agency records requested by Plaintiff. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009); *see also* "Freedom of Information Act Guidelines" issued March 15, 2022 *available at* https://www.justice.gov/ag/page/file/1483516/download.

36.     FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances" unless additional time is agreed to by person making request. 5 U.S.C. § 552(a)(6)(B)(i); 5 U.S.C. § 552(a)(6)(B)(ii). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

37.     Twenty working days from June 25, 2021 was July 25, 2021. Defendant failed to provide Plaintiff with a sufficient determination before July 25, 2022 that adequately indicated the scope of the documents it would produce or the exemptions it would invoke.

38.     Further, EPA has failed to promptly make records available. Defendant, through EPA Region 6, initially requested an extension to August 31, 2021, providing an additional twenty-six (26) working days and additional extensions pushed EPA's deadline to March 31, 2022. Upon notice that it voided the terms of the most recent extension, EPA produced only 20 records and in a rushed communications, apparently concluded its response was final. EPA failed to meet each extended deadline and the terms negotiated for such extensions. The Agency's hastily issued Final Determination does not obscure its prior violations of the statute.

39.     EPA is likewise required to exercise due diligence in responding to FOIA requests as required by 5 U.S.C. § 552(a)(6)(C). EPA's improper exclusion of HQ records from its response to FOIA request R6-2021-05139 for almost four months does not satisfy its obligations under the statute. Despite issuing what it has characterized as a "final determination letter," upon information and belief date, EPA has produced only a handful of records from HQ in response to Plaintiff's request.

40.     While Defendant has produced some documents, many are non-substantive scheduling emails among EPA Region 6 staff, not the substantive records that one would expect exist relating to a matter of significance to EPA. Even as to the scheduling emails, there are references to attachments in the subject line or text, the vast majority of which have not been provided. Additionally, upon information and belief, Plaintiff alleges that Defendant is withholding non-exempt, requested agency records by failing to segregate non-exempt information from exempt responsive records.

41.     Plaintiff has exhausted any applicable administrative remedies with respect to Defendant's wrongful and dilatory withholding of the requested records.

42.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

**Count II: Violation of 5 U.S.C. § 552 – Request R2021-005758**

43.     Plaintiff incorporates the allegations in paragraphs 8-33 as though fully set forth herein.

44.     Defendant has wrongfully withheld agency records requested by Plaintiff. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide

access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009); *see also* "Freedom of Information Act Guidelines" issued March 15, 2022 *available at* https://www.justice.gov/ag/page/file/1483516/download.

45.     FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances" unless additional time is agreed to by person making request. 5 U.S.C. § 552(a)(6)(B)(i); 5 U.S.C. § 552(a)(6)(B)(ii). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

46.     Twenty working days from July 1, 2021 was July 30, 2021. Defendant failed to provide Plaintiff with a sufficient determination before July 30, 2022 that adequately indicated the scope of the documents it would produce or the exemptions it would invoke.

47.     Further, EPA has failed to promptly make records available. Defendant, through Region 6, requested series of extensions that have pushed EPA's deadline to March 31, 2022. As of today's filing it has been one hundred eighty-one (181) working days since Plaintiff's second FOIA request was submitted. That is far from making the records "promptly available" as required by 5 U.S.C. § 552(a)(3)(A).

48.     While Defendant has produced some documents, the bulk of them are non-substantive scheduling emails among EPA Region 6 staff, not the substantive documents that one would expect exist. Even as to the scheduling emails, there are references to attachments in the subject line or text, the vast majority of which have not been provided. Additionally, upon

information and belief, Plaintiff alleges that Defendant is withholding non-exempt, requested agency records by failing to segregate non-exempt information from exempt records responsive.

49.     Plaintiff has exhausted any applicable administrative remedies with respect to Defendant's wrongful and dilatory withholding of the requested records.

50.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

i.     Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii.     Issue a permanent injunction setting forth a compliance schedule and directing Defendant to prepare a *Vaughn* index and disclose to Plaintiff all wrongfully withheld documents;

iii.     Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court; and

iv.     Grant such additional and further relief to which Plaintiff may be entitled.

Date: March 25, 2022                     Respectfully submitted,

                                     */s/ Collin S. Gannon*
                                     Collin S. Gannon (D.C. Bar No. 1030910)
                                     BEVERIDGE & DIAMOND P.C.
                                     201 North Charles Street, Suite 2210
                                     Baltimore, MD 21201-4150
                                     (410) 230-1300
                                     cgannon@bdlaw.com

11

Matthew D. Schneider (D.C. Bar No.198043)
BEVERIDGE & DIAMOND P.C.
1900 N. St NW Suite 100
Washington, DC 20036
(202) 789-6000
mschneider@bdlaw.com

*Attorneys for Plaintiff*